# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**INDUSTRIAL & CRANE SERVICES, INC.**     **PLAINTIFF/COUNTER-DEFENDANT**

v.     **CAUSE NO. 1:19CV175-LG-RHW**

**GEDA USA ELEVATOR AND MATERIAL LIFT COMPANY, LLC and JOHN DOES 1-10**     **DEFENDANT/COUNTER-CLAIMANT**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

BEFORE THE COURT is the [27] Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant/Counter-Claimant GEDA USA Elevator and Material Lift Company, LLC ("GEDA"). In the Motion, GEDA argues that the contracts at issue in this lawsuit are subject to the Louisiana Public Works Act ("LPWA" or "the Act"), La. R.S. § 38:2241, *et seq.*, because the contracts involved public entities in the State of Louisiana, and therefore this dispute must instead be brought as a concursus proceeding in Louisiana state or federal court. Plaintiff/Counter-Defendant Industrial & Crane Services, Inc. ("ICS") disagrees, at least insofar as its own claims are concerned. The Motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that GEDA's Motion to Dismiss should be denied at this time.

## I. BACKGROUND

Plaintiff ICS is in the business of erecting, maintaining, and refurbishing industrial cranes. GEDA is a manufacturer and supplier of industrial and

construction elevators and material lifts. In 2017, ICS won bids for two elevator-replacement projects in Louisiana – one at the Port of New Orleans and the other at the Port of Lake Charles. ICS acquired surety bonds for the projects as required by the LWPA. La. R.S. § 38:2241(A)(2). In forming its winning bids bids, ICS accepted quotes for services from GEDA. These quotes formed the basis for the subcontractor agreements allegedly breached in this case. Although both elevator projects were completed to the satisfaction of the port entities, neither ICS nor GEDA is satisfied with the other's performance under their subcontractor agreements. ICS claims it was forced to pay for modifications to the port facilities that proved to be necessary for the proper installation of the elevators, despite conclusions to the contrary in GEDA's quotes, and has accordingly withheld payments to GEDA. GEDA says it performed in full under the subcontractor agreements and is due the wrongly withheld payments from ICS.

This case was removed from the Circuit Court of Jackson County, Mississippi on March 29, 2019. On October 10, 2019, GEDA filed the instant Motion to Dismiss for Lack of Subject Matter Jurisdiction, which asserts that, because "[b]oth contracts were with public entities in the State of Louisiana,"[1] the LPWA mandates the parties' claims be tried in a concursus proceeding brought in the Louisiana state or federal courts local to the Port of New Orleans and the Port of Lake Charles, respectively. (Mem. Supp. Mot. Dismiss 2-4, ECF No. 28.) ICS responds that the

---

[1] GEDA presumably refers, here, to the contracts between ICS and the port entities.

subcontract agreements between itself and GEDA are not public contracts and therefore not subject to the jurisdictional limitations imposed by the LPWA.

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(1) should be granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "When ruling on the motion, the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The burden of proof rests on the party asserting the existence of jurisdiction. *Id.* (citing *Ramming*, 284 F.3d at 161).

Neither ICS nor GEDA disputes the existence of diversity jurisdiction under 28 U.S.C. § 1332. ICS is a citizen of Mississippi, no member of GEDA is a citizen of Mississippi, and ICS seeks damages in excess of $280,000. (*See* Not. Removal 1-2, ECF No. 1.) In fact, both parties invoke § 1332 as this Court's basis for hearing the their claims and counterclaims. (*See id.*; Answer & Countercl. 4-5, ECF No. 2.)

However, "[t]here are many cases where right and remedy are so united that the right cannot be enforced except in the manner and before the tribunal designated by the act" that created the right or remedy. *Tennessee Coal, Iron & R. Co. v. George*, 233 U.S. 354, 359 (1914). The LPWA provides

> a special, speedy, and summary remedy to enable the
> authorities letting the work, or, on their default, any

> creditor of the contractor, to bring all parties concerned
> and having an interest together before one court and in
> one proceeding, to the end that their respective rights as
> between themselves and against the contractor and his
> surety might be recognized and adjusted.

*Seal v. Gano*, 107 So. 473, 475 (La. 1926). Accordingly, the Act mandates that unpaid claims on statutorily-bonded, public contracts "shall be tried in concursus" in "the proper court of the parish where the work was done." La. R.S. § 38:2243. Relying on the Louisiana Supreme Court's decision in *Seal v. Gano*, two federal district courts outside Louisiana have interpreted this requirement to be a jurisdictional limitation on the ability of other courts to hear suits by one or more claimants against the contractor and surety.[2] *See Rockport Contracting, LLC v. Chain Elec. Co.*, No. CIV.A. H-11-1853, 2012 WL 112601 (S.D. Tex. Jan. 11, 2012); *Pipe Sys., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 609 F. Supp. 571 (E.D. Mo. 1985). The question before the Court is thus whether the claims and counterclaims in this case are of the type restricted by the LPWA to a particular Louisiana court.

As an initial matter, the Court assumes for the moment that, because GEDA has already initiated concursus proceedings in Calcasieu and Orleans Parishes, GEDA has satisfied the statutory perquisites for making a claim in a LPWA concursus proceeding. *See Apex Bldg. Techs. Grp., Inc. v. Catco Gen. Contractors,*

---

[2] The parties seem to agree that La. R.S. § 38:2243 limits the jurisdiction of any court other than "the proper court of the parish where the work was done" to hear claims brought pursuant to the LPWA. This Court finds *Rockport Contracting, LLC v. Chain Elec. Co.*, No. CIV.A. H-11-1853, 2012 WL 112601 (S.D. Tex. Jan. 11, 2012) and *Pipe Systems, Inc. v. American Manufacturers Mutual Insurance Co.*, 609 F. Supp. 571 (E.D. Mo. 1985) persuasive in that regard and takes no issue with that conclusion.

—4—

*L.L.C.*, 15-729 (La. App. 5 Cir. 3/30/16), 189 So. 3d 1209, 1213 (citing La. R.S. §§ 38:2242(B), 38:2247). Neither party has directly addressed this issue. If GEDA has, in fact, failed to timely provide notice of and record its claim and initiate concursus proceedings, it has failed to preserve its statutory claim under La. R.S. § 38:2243. *See id.*

The LPWA concursus proceeding protects "the right of all creditors to share ratably and in proportion to the amount of their claims in the common fund, the obligation of the surety on the contractor's bond." *Seal*, 107 So. at 474.

> It is a special remedy afforded a certain class of creditors for the concurrent enforcement of their claims and to regulate their rights as between themselves and against a contractor doing public work, and the surety on his bond. It is a statutory concursus authorized to be instituted under certain conditions by the public authorities letting the contract for the public work, or by any person having a properly recorded claim against the contractor who performed the work or caused the same to be done, in the event the authorities failed or neglected to exercise the right.
> The bond furnished by the contractor for the benefit of the authorities having the work done and for the benefit of claimants against the contractor represents the fund upon and against which the rights of the creditors of the particular work are to be regulated and enforced.

*Id.*

In this case, the general contractor – ICS – filed suit against its subcontractor – GEDA – for breach of contract. ICS agrees that it acquired bonds, as required by the LPWA, for the benefit of the Port of New Orleans, Port of Lake Charles, and any potential claimants against ICS. But ICS's claims against GEDA do not, on their face, implicate these bonds, the surety on those bonds, or either port entity. The

LPWA says nothing about a general contractor's action for breach of contract against a subcontractor whose obligations are unaffected by the LPWA. Rather, the Act affords a subcontractor rights and remedies for unpaid services rendered. The cases cited by GEDA – *Seal*, *Pipe Systems, Inc.*, and *Rockport Contracting, LLC* – were lawsuits brought by a subcontractor against the general contractor and the surety on the general contractor's bond.

It is GEDA's counterclaims against ICS that perhaps implicate the LPWA. GEDA is the subcontractor seeking to collect for unpaid services rendered, and ICS is the general contractor who obtained surety bonds on the two public works projects. It is not clear, however, that GEDA seeks to collect on the bonds. GEDA has neither named the surety as a counter-defendant – which it need not do in order to collect on the bond, *see* La. Stat. Ann. § 38:2247 ("Nothing in this Part shall be construed to deprive any claimant . . . of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both . . . .") – nor stated any desire or intent to collect from the bonds obtained by ICS. (*See* Answer & Countercl. 4-8, ECF No. 2.) Without an attempt to collect from the bonds, the concerns identified in *Seal* over claimants racing to the courthouse to collect and, in the process, exhausting the liability of the surety to the injury of other claimants, are not present. There is no common fund from which "creditors [must] share ratably and in proportion to the amount of their claims." *Seal*, 107 So. at 475.[3]

---

[3] GEDA is also the only entity with claims against ICS related to the Port of New Orleans and Port of Lake Charles projects.

Even if this factual distinction does not take GEDA's counterclaims outside the jurisdictional limitations of the LPWA, there still remains the issue whether dismissal of GEDA's counterclaims for lack of subject matter jurisdiction requires dismissal of ICS's Complaint as well. Neither party briefs this issue, and the Court will not so hold *sua sponte*. If GEDA's counterclaims are compulsory counterclaims, as contemplated by Federal Rule of Civil Procedure 13(a), they would be barred if asserted in a subsequent lawsuit. *RPV, Ltd. as Tr. for Vill. Tr. v. Netsphere, Inc.*, 771 F. App'x 532, 534-35 (5th Cir. 2019) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993)). Thus, claims "arising out of the [same] transaction or occurrence" that "do[] not require adding another party over whom the court cannot acquire jurisdiction" must be asserted in the same action. Fed. R. Civ. P. 13(a)(1); *see also RPV*, 771 F. App'x at 534-35.

III. CONCLUSION

Given the lack of briefing on what the Court finds to be the controlling issues, the Court declines to dismiss ICS's claims or GEDA's counterclaims at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [27] Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant/Counter-Claimant GEDA USA Elevator and Material Lift Company, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE